Judge Mills
delivered the Opinion of the Court.
The complainants, now appellants, were sureties for John B. Stevens, one of the defendants who had left the State, and after they paid, up the money for him, they filed this bill, making the appellee Ogden, also defendant, and charging that Ogden had been the clerk and agent of Stevens, and was collecting his debts, and that he had a sufficiency in his hands to discharge their demands, and had frequently so assured them, and had paid a part thereof, and had failed to pay the balance, for which they pray a decree against him.
Against Stevens, an order of publication was made.
Ogden answered, admitting lie had been the clerk and agent of Stevens, and now had a sum in his hands collected, and to be collected. He obscurely intimates, that Stevens had assigned this fund to other creditors, to whom part was paid, and part was due, and states claims and demands of his own against Stevens, due by note, and for services. His answer does not profess to he a full disclosure of the amount belonging to Stevens in his hands, or of the whole transactions between them, which he avers would take considerable trouble, and therefore, he declines a full disclosure.
The court below dismissed the hill with costs, from which decree, the complainants have appealed to this court.
The proof is clear, that Ogden frequently assert* ed, till a short time before this suit was brought, that there was enough in his hands to satisfy these demands, and assured the original payees of these demands, that they were in no danger, and actually paid part of the demands, and at length failed to Pay residue. Under such circumstances, it was incumbent upon Ogden, not only to have made a *363 fall discovery of what was in his hands, bat to have denied that there was any beyond what he had disclosed. It is true, he is a garnishee, but he is one of a peculiar character; he is the collector and receiver of the original debtor, and represents his funds, of course, something like the same strictness ought to be required in his answer, which would be required of an executor and administrator, or trustee, against whom a bill of discovery of assets was filed. He was charged with having enough, and that he had given assurances that he had enough to satisfy these demands. Under such circumstances we are warranted in taking these charges as true, and subjecting him to these demands,
Mandate:.
Mayes, for appellants; Crittenden, for appellees.
Yarious questions were made,- relative to the admission- and rejection of testimony, which we think it unnecesary to notice, as that testimony related to matters, which if allowed in full,, could not prejudice the appellants, or benefit Ogden, while his answer, which has a fair appearance on its face, is so entirely defective in setting out- the limits of the funds which he held in his hands.
The decree is reversed with costs, arid the cause remanded that a decree be there rendered in favor of the complainants, not only against Stevens, but also against Ogden, for the amount of the claims set ijp in the bill.